Edward ROACH, Plaintiff,

v.

Billy B. BURKE, Howard H. Painter, and West Virginia Regional Jail Authority and Correctional Facility, Defendants.

Civ. A. No. 92–56–M.

United States District Court, N.D. West Virginia, Martinsburg Division.

June 28, 1993.

John C. Yoder, Harpers Ferry, WV, for plaintiff.

David E. Dick and Harry P. Waddell, Clarksburg, WV, for defendants.

## ORDER

MAXWELL, Chief Judge.

Pending before the Court is defendants' Motion to Dismiss, filed March 15, 1993, with a supporting memorandum of law. The matter is now mature for disposition, after having received the plaintiff's Memorandum in Opposition on May 3, 1993, and defendants' Reply Memorandum on May 14, 1993. The Court also received plaintiff's Surreply to Reply Memorandum in Response to Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss, on June 3, 1993, which the Court ordered filed and made part of the record. In response to plaintiff's Surreply Memorandum, the Court received

on June 11, 1993, a letter from defense counsel.

The background of this civil action is generally undisputed. Plaintiff was employed by defendant West Virginia Regional Jail Authority and Correctional Facility ("Authority") as a Correctional Officer at the regional jail in Martinsburg, West Virginia. On March 13, 1992, he was notified by a letter from defendant Burke, Director of the Authority, that he was suspended. On or about April 3, 1992, plaintiff was notified by defendant Burke that he was to be discharged effective April 24, 1992. Following his termination, plaintiff filed a grievance with the West Virginia State Employees Grievance Board.[1] Thereafter, plaintiff brought this action, in part, pursuant to 42 U.S.C. § 1983 (1988) alleging, among other things, that defendants violated his constitutional and civil rights by suspending and then discharging him from his employment with the Authority. More particularly, plaintiff alleges that he was suspended and discharged without having been given notice and an opportunity for a hearing prior to those actions having been taken, thereby depriving him of his constitutional rights, privileges and immunities.

█ In their motion to dismiss, defendants present two closely related arguments to support their position that the complaint should be dismissed. They first argue that the Authority and defendants Burke and Painter, in their official capacity, are not "persons" suable under 42 U.S.C. § 1983. Their second argument is that they enjoy the constitutional immunity of the Eleventh Amendment. The decisive issue to either argument is whether the Authority is in effect the State of West Virginia.

Plaintiff takes the position that the Authority is not the State of West Virginia, but rather it is a political subdivision and therefore, the Authority is a "person" suable under § 1983. Since the Authority is a political subdivision and may be sued, argues plaintiff, then so may defendants Burke and Painter be sued in both their official and individual

capacities. Alternatively, even if the Authority is deemed to be the State, plaintiff contends that it can still be sued up to the limits of its liability insurance.

Upon reviewing all matters of record, the Court is of the opinion that the plaintiff can prove no set of facts that would show that the Authority is not in effect the State of West Virginia and the Court can rule as a matter of law on that issue. Courts construing this issue have set forth several factors that may be considered in determining whether an entity such as the Authority is the state. In *Blower v. Educational Broadcasting Authority*, 182 W.Va. 528, 389 S.E.2d 739 (1990), the court discussed several cases wherein courts have applied certain factors in determining whether a governmental agency is an arm of the state and therefore the same as the state for purposes of immunity. The court in *Blower* then applied these factors in determining whether an organization is a state agency for the purpose of the special venue provisions of W.Va.Code, § 14-2-2. The court noted that these and similar factors were applied in *Fuchilla v. Layman*, 109 N.J. 319, 537 A.2d 652, *cert. denied*, 488 U.S. 826, 109 S.Ct. 75, 102 L.Ed.2d 51 (1988), to determine whether an organization was the alter ego of the state, and thus, immune from suit for purposes of 42 U.S.C.A. § 1983. *Blower*, 389 S.E.2d at 742.

The following factors were found by the West Virginia Supreme Court in *Blower* to be important in determining whether a governmental agency is the State: whether its powers are substantially created by the legislature; whether its governing board's composition is prescribed by the legislature; whether it operates on a statewide basis; whether it is financially dependent on public funds; and whether it is required to deposit its funds in the state treasury.

In applying these factors to the instant case, the Court believes that the Authority is in effect the State of West Virginia. First, the Authority was created by the Legislature with its purpose and governing procedures

---

1. Although a decision by the Administrative Law Judge has not yet been rendered in this matter, the Supreme Court in *Patsy v. Board of Regents*, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982), reaffirmed its position that exhaustion of administrative remedies is not required prior to bringing suit under § 1983.

set for at W.Va.Code § 31–20–1 through 31–20–27. Second, W.Va.Code § 31–20–3 sets forth the composition of the Authority's governing board with the governor appointing the members of the board with the advice and consent of the senate. Third, the language of the statute is clear that the Authority was created to serve the inmates and citizens of the entire state. W.Va.Code § 31–20–1a states that

> The purposes of this article are as follows: to provide a cost efficient means within the state for the construction, maintenance and operation of jails and correctional facilities; to develop and implement plans for the renovation and improvement of existing facilities; to develop and implement plans for the renovation and improvement of existing facilities and the design and construction of new facilities to better serve the inmate population and citizens of this state. W.Va.Code § 31–20–1a(b)(1) and (2).

Fourth, the Authority was initially funded via the State Treasury and continues in large part, to be funded from state and federal funds. Fifth, the Authority maintains a special account in the state treasury which consists of a revolving fund containing all appropriations and payments to the Authority with any excess funds transferred to the general fund of the state treasury. W.Va.Code § 31–20–22 provides that all monies otherwise collected by the Authority shall be collected by the treasurer of the Authority, "who shall pay the funds into the state treasury ..." These factors and the language of W.Va. Code § 31–20–5(10) which states, in part, "[t]he authority, as a public corporation and governmental instrumentality exercising public powers of the state, may exercise all powers necessary or appropriate to carry out the purposes of this article, ..." compels the Court to conclude that the Authority, and consequently, defendants Burke and Painter,

in their official capacities, are the State of West Virginia.

The Court finds that as the State, the Authority is not a "person" suable under § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). In *Will*, the court, in addition to finding that a state is not a "person" for purposes of § 1983, also held that state officers sued for damages in their official capacity are not "persons" for purposes of a suit because they assume the identity of the government that employs them. *Id.* at 71, 109 S.Ct. at 2311.

█ Defendants Burke and Painter, however, may still be sued in their individual capacities for money damages. *Hafer v. Melo*, 502 U.S. ——, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). State officials sued in their individual capacities are "persons" subject to suits for damages under § 1983, and the Eleventh Amendment does not bar such suits in federal courts, even if the action was taken in the defendant's official capacity; thus, these individuals may still be sued in their individual capacity even if the alleged wrongdoing was conducted while in performance of their official capacity.[2] *Id.* In *Hafer*, the court held that liability under § 1983 turns on the capacity in which state officials are sued and not the capacity in which they acted when injuring the plaintiff. *Id.*, 502 U.S. at ——, 112 S.Ct. at 363, 116 L.Ed.2d at 310.

█ After careful review of the record and the law addressing these issues, the Court believes that the Authority and therefore, defendants Burke and Painter, in their official capacity, are in effect the State and, thus, are not persons suable under § 1983. When defendants are not "persons" under § 1983, there is no jurisdiction under 28 U.S.C. § 1343 over actions brought thereun-

---

**2.** The Court is convinced that in litigation such as is now before the Court, it is an illogical conclusion to dismiss individuals "in their official capacity" while retaining them "in their individual capacity." The Court, while bound by precedent, is satisfied that such a judicial conclu- sion involving public employees is a misguided interpretation of the legislative intent of Congress. The Court is of the opinion that the presently binding judicial conclusion should be revisited and a decision should be rendered which

der.[3]  Further, the Authority, and defendants Burke and Painter, in their official capacity, enjoy the Constitutional immunity of the Eleventh Amendment.  Accordingly, it is

■ ORDERED that defendants' Motion to Dismiss the Complaint against Billy B. Burke and Howard H. Painter, in their official capacities for money damages, and the West Virginia Regional Jail Authority and Correctional Facility shall be, and hereby is, GRANTED.[4]

Further, insofar as the complaint alleges a cause of action against defendants Burke and Painter, in their individual capacities, it is not a suit against the State.  Accordingly, defendants' motion, to the extent it requests that the complaint be dismissed against Billy B. Burke and Howard H. Painter, in their individual capacities, is DENIED.

The Clerk of Court is directed to send certified copies of this Order to all counsel of record.  To the extent the above-referenced letter received June 11, 1993, from defense counsel is a response to plaintiff's Surreply Memorandum, the Clerk of Court is directed to file the same and make it a part of the record in this civil action.

---

represents a wise and judicious interpretation of the statutory language and legislative intent.

3.  It is recognized that 28 U.S.C. § 1343 is the jurisdictional counterpart to § 1983.  *Ayala Serrano v. Gonzalez,* 909 F.2d 8, 14 (1st Cir.1990).

4.  As noted above, the Court lacks jurisdiction to hear a § 1983 claim against the State and its officials, therefore, the Court does not reach the issue of whether the Authority and defendants Burke and Painter, in their official capacities, may be sued up to the limits of the liability insurance of the Authority.  However, the Court is of the opinion that the Eleventh Amendment of the Constitution clearly provides that a State may not be sued in federal court for money damages *unless* the State waives this privilege.  The Court does not believe that *Pittsburgh Elevator v. West Virginia Board of Regents,* 172 W.Va. 743, 310 S.E.2d 675 (1983), which held that the state may be sued up to the limits of its liability insurance in the context of the state constitution, is applicable here.